UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AMARI SAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV422-068 |
| | ) | CR419-015 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Amari Sams' 28 U.S.C. § 2255 Motion. Doc. 161.[1] Sams was convicted, after a jury trial, on one count of conspiracy to possess with intent to distribute controlled substances, one count of possession with intent to distribute controlled substances, one count of possession of a firearm by a prohibited person, one count of possession of a stolen firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. *See* doc. 144 at 1-2 (Judgment). He was sentenced to a term of imprisonment of 200 months, a five-year term of supervised release, and a $500 special assessment. *Id*. at 3-7. His

---

[1] The Court is citing to the criminal docket in CR419-015 unless otherwise noted.

convictions and sentence were affirmed on appeal. *See* doc. 155 (Appeal Opinion); doc. 156 (Mandate). He now moves, pursuant to 28 U.S.C. § 2255, "to [v]acate, [c]orrect, [o]r [s]et aside the sentence. Doc. 161 at 12. Review of the motion, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that the motion should be **DISMISSED** as untimely.

Section 2255 provides a one-year statute of limitations that runs, ordinarily, from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f).[2] Because Sams filed a direct appeal, the one-year statute of limitations runs from ninety days after the Court of Appeals affirmed his sentence. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for

---

[2] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.")  The ninety-day period starts when the Court of Appeals issues its judgment, not when it issues its mandate.  U.S. Sup. Ct. R. 13; *see also Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). The Court of Appeals affirmed Sams' conviction on April 20, 2020.  *See* doc. 155.  His conviction was final, therefore, on July 20, 2020.[3]  Sams did not signature-file[4] his motion until March 20, 2022, *see* doc. 161 at 12, eight months too late. It is, therefore, untimely.

---

[3] Ninety days from April 20, 2020, was Sunday, July 19, 2020.  By operation of Rule, therefore, the period to file a petition for certiorari expired on the next Monday, July 20, 2020.  *See* U.S. Sup. Ct. R. 30 ("The last day of the period shall be included [in the computation of any period of time prescribed by the Rules], unless it is a Saturday, Sunday, federal holiday . . . , or day on which the Court building is closed . . ., in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, federal holiday, or day on which the Court building is closed.")

[4] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290, n.2 (11th Cir. 2009).  The Court presumes Sams' motion was delivered for mailing on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a § 2255] motion was delivered to prison authorities the day [movant] signed it . . . .").

Sams does not dispute that his motion is untimely. *See* doc. 161 at 11, 24-25. He contends, however, that he is entitled to equitable tolling of that period. *See id.* at 24-25. Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. *See, e.g., Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). Sams has not demonstrated either the existence of "extraordinary circumstances" that prevented his timely filing of the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or that he diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence"). "The movant bears the burden of establishing his entitlement to equitable tolling." *Lanier v. United*

*States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citing *Outler*, 485 F.3d at 1280).

Sams principally relies on circumstances related to the COVID-19 pandemic, and remedial measures imposed by the prisons where he was incarcerated, as the "extraordinary circumstances" warranting equitable tolling. *See* doc. 161 at 25 (listing "the COVID-19 pandemic, coupled with the (forced) closing of U.S.P. Atlanta, where all of Petitioner's [sic] documents and records of his case were discarded by the U.S. Marshals Service (as were many other prisoners[']]" as circumstances supporting equitable tolling). This Court and others have recognized that "delays due to COVID-19 are not extraordinary circumstances for the purposes of equitable tolling." *Gordon v. United States*, 2021 WL 6512114, at *3 (S.D. Ga. Dec. 20, 2021), *adopted* 2022 WL 163629 (S.D. Ga. Jan. 18, 2022); *see also, e.g., Crook v. United States*, 2022 WL 566781, at *6 (N.D. Ala. Feb. 24, 2022) ("Several courts have considered whether the COVID-19 pandemic is an extraordinary circumstance that provides justification for untimely habeas filings, and each have held that an individual must show . . . specifically how the pandemic prevented *him* from timely filing, apart from general prison policy or lockdowns," and collecting cases);

5

*Moreno v. United States*, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020). Far from identifying specific impediments to his timely filing, Sams identifies the conditions as applicable to "many other prisoners." *See* doc. 161 at 25. Similarly, the general impediments to litigating while incarcerated, including transfers and access to legal papers, do not support equitable tolling. *See, e.g., Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) ("According to our prior decisions and statements in *Akins* and *Dodd*, [petitioner's] transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."). Sams has, therefore, failed to establish his entitlement to equitable tolling.[5]

For these reasons the Court finds that Sams' Motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **RECOMMENDS** that Sams' § 2255 motion be **DENIED**, doc. 161, and that civil action, CV422-068, be **CLOSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009

---

[5] The Court notes that Sams suggests, albeit in a wholly conclusory fashion, that he was subject to "unlawful government action." *See* doc. 161 at 24. To the extent that allegation implies any conduct other than what the Court has explicitly considered, such vague assertions are not sufficient to support relief. *Cf. Collins v. United States*, 2009 WL 3379071, at *1 (S.D. Ga. Oct. 20, 2009) ("[C]onclusory claims—unsupported by any facts or argument of any kind—cannot entitle a movant to § 2255 relief.").

6

WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 4th day of May, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA