IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AMARI SAMS, | |
| Petitioner, | CIVIL ACTION NO.: 4:22-cv-68 |
| v. | Criminal Case No: 4:19-cr-15 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

Presently before the Court is Petitioner Amari Sams' Motion for Reconsideration. (Doc. 168.)[1] Through this Motion, Petitioner, who is proceeding *pro se*, requests the Court reverse its dismissal of his Section 2255 Motion as untimely. For the reasons set forth below, the Court **DENIES** Sams' Motion for Reconsideration. (Id.)

Sams was convicted, after a jury trial, on one count of conspiracy to possess with intent to distribute controlled substances, one count of possession with intent to distribute controlled substances, one count of possession of a firearm by a prohibited person, one count of possession of a stolen firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime. (See doc. 144, pp. 1—2.) The Court sentenced him to a term of imprisonment of 200 months, a five-year term of supervised release, and a $500 special assessment. (Id. at pp. 3—7.) The United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence on April 20, 2020. (Doc. 155.) Sams subsequently filed a Section 2255 Motion seeking to set aside his conviction and sentence. (Doc. 161.) However, Sams waited until March 20, 2022,

---

[1] The Court cites to the docket in Sams' criminal case.

nearly two years after the Court of Appeals affirmed his conviction, to signature-file his Section 2255 Motion. (Id. at p. 12.) Thus, the United States Magistrate Judge issued a Report and Recommendation that Sams' Motion be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). (Doc. 163.) Therein, the Magistrate Judge addressed and rejected Sams' contentions that the statute of limitations should be equitably tolled due to circumstances brought about by the COVID-19 pandemic. (Id. at pp. 2—6.) On November 2, 2022, the Court adopted the Report and Recommendation and specifically overruled Sams' objection that his filing of the Section 2255 Motion was delayed by COVID-19, security related restrictions at his former prison, and his transfer from one prison to another. (Doc. 166.) Sams then filed the instant Motion for Reconsideration once again arguing that restrictions within his place of imprisonment caused by the COVID-19 pandemic constitute extraordinary reasons warranting the equitable tolling of the statute of limitations. (Doc. 168.)

The Eleventh Circuit Court of Appeals has stated that a motion for reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993). Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest error of law or fact." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: "(1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied[.]" Fed. R. Civ. P. 60(b)(1)–(5). The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of

2

exceptional circumstances," and a party seeking relief must show that absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Finally, regardless of which rule applies, motions for reconsideration cannot be used to relitigate issues which have already been found lacking. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

  Sams' Motion for Reconsideration centers on arguments the Court has already specifically rejected. In the Report and Recommendation and the Order of adoption, the Court explained why Sams' arguments revolving around the COVID-19 pandemic do not warrant tolling Section 2255(f)'s statute of limitations. (Docs. 163, 166.) Sams has not pointed to any change of law, new evidence, or other development that calls into question the Court's prior ruling. Sams contends that his failure to timely file his motion was caused by his inability to buy stamps for five to eight months. (Doc. 168, pp. 6—7.) As an initial matter, Sams concedes that the did not raise the inability to obtain stamps in his prior filings. (Id.) A motion for reconsideration is not a proper vehicle for raising arguments that could have been raised previously. Further, even if Sams' postage argument was properly before the Court, the Court finds it lacks credibility. The Court received filings mailed from the facilities wherein Sams was incarcerated throughout the statute of limitations period. Additionally, Sams had a year after his conviction became final to file his Section 2255 Motion. Thus, a delay of five to eight months in obtaining postage, even if credible, does not excuse the untimeliness of his Motion. Moreover, Sams was given the benefit of the prison mailbox rule in the Court's calculation of the statute of limitations and, as such, the timeliness of his Section 2255 Motion was judged from the date he signed his Motion, not the date he was able to place it in the mail. (See doc. 163, p. 3 n. 4.)

Absent a legal basis or evidence to support revisiting previously-decided issues, the Court discerns no reason to alter its prior decision. Accordingly, the Court **DENIES** Sams' Motion for Reconsideration, (doc. 168). The Court's previous Order adopting the Report and Recommendation and dismissing Sams' Section 2255 Motion, (doc. 166), remains the Order of the Court, and this case remains **CLOSED**.

**SO ORDERED**, this 27th day of June, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA